UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andre Juste, #078-367-619, | ) | C/A No. 4:16-3757-MGL-TER |
| Plaintiff, | ) ) | |
| vs. | ) ) | Report and Recommendation |
| Lindsay Ann Marie Brennan, Lindsay Ann Marie Phillips, | ) ) ) | |
| Defendants. | ) ) ) ) | |

This is a civil rights action filed by a *pro se* litigant who indicates that he is an immigration detainee.[1] Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

---

[1] In the past, this court has treated Plaintiff under General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, 3:07mc-5015-JFA (D.S.C. Sept. 18, 2007), due to a lack of information as to whether Plaintiff's detainment by I.C.E. was due to improper entry(criminal) or unlawful presence(civil). *See* 8 U.S.C. §§ 1324d, 1325. The court now has information that Plaintiff is being detained criminally due to entering unlawfully in the 1990s, and subsequently committing the criminal offense of robbery. *See* 4:16-cv-03832-MGL-TER, ECF No. 1. Thus, the court now treats Plaintiff as a prisoner for the purposes of this district's General Order.

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro

se complaints does not transform the court into an advocate.).

## BACKGROUND

Plaintiff's Complaint form alleges that the Defendants kidnapped his daughter and relocated her without his consent in August 2009. (ECF No. 1-2 at 5). Plaintiff's request for relief is return of his daughter to be held by his brother. (ECF No. 1-2 at 3). Plaintiff indicates the basis for jurisdiction is both federal question and diversity of citizenship. Plaintiff is detained in Batavia, New York, at the initial filing of this complaint. Defendants are Florida residents. None of the facts of the Complaint involve the state of South Carolina. Plaintiff does not seek monetary relief and does not state an amount in controversy. Plaintiff cites the following statutes as basis for jurisdiction: 28 U.S.C. § 1332, 18 U.S.C. § 1201 (criminal kidnapping), 18 U.S.C. 4 (misprision of felony), 18 U.S.C. § 1001 (criminal false representation), and 28 U.S.C. § 1738(full faith and credit to other state's proceedings). In his handwritten Complaint, Plaintiff seeks criminal charges against the Defendants. (ECF No. 1 at 7). Plaintiff seeks custody of his daughter through a modification. (ECF No. 1 at 8, 10).[2]

## DISCUSSION

Personal Jurisdiction

A requirement in any civil action is that the particular district court in which a Complaint is brought must have personal jurisdiction over the defendants. A federal court may exercise personal

---

[2] Plaintiff's claim is very similar to his claim brought in *Juste v. Brennan*, 16 F. Supp. 3d 716 (N.D. W.V. 2014). Plaintiff alleged in the West Virginia case that in August 2009 the Defendants unlawfully relocated his daughter and that he was entitled to custody. The court analyzed whether Plaintiff stated a claim such that the court had jurisdiction pursuant to 28 U.S.C. § 1738A, the Parental Kidnapping Prevention Act, and found Plaintiff failed to allege sufficient facts of the existence of conflicting state custody orders that is required to invoke jurisdiction under the PKPA.

jurisdiction over a defendant in the manner provided by state law.  Fed. R. Civ. P. 4(k)(1)(A), 4(e)(1); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997).  The exercise of jurisdiction over a non-resident defendant must be both authorized under the state's long-arm statute and must comport with the due process requirements of the Fourteenth Amendment.  *Carefirst of Md. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 396 (4th Cir. 2003).  Under South Carolina's long arm statute, S.C. Code Ann. § 36-2-803, nonresidents may be served and subjected to state court jurisdiction when certain types of facts are presented in a case (e.g. entering a contract in this state, committing a tort in this state, etc.).  None of those types of facts are presented in this case as to the Defendants who are Florida residents.  Defendants lack sufficient connection to South Carolina.  Thus, the District of South Carolina cannot extend its personal jurisdiction to reach the Defendants.

A district court may exercise personal jurisdiction over a non-resident defendant "if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993).  South Carolina's long-arm statute extends to the outer limits of Fourteenth Amendment due process and as such the only question then is "whether the exercise of personal jurisdiction would violate due process."  *See, e.g., Cockrell v. Hillerich & Bradsby Co.*, 611 S.E.2d 505, 508 (S.C. 2005).  Due process is satisfied in relation to personal jurisdiction, if a defendant purposefully avails himself of the privilege of conducting business within the forum state.  *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985).  There must be sufficient "minimum contacts" with the forum state, such that maintenance of the suit does not offend traditional notions of "fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 3206 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).  There are no allegations present here for

4

the court to find personal jurisdiction over the Defendants: the Defendants live in Florida; the action complained of did not occur in South Carolina; the Plaintiff is detained in a facility in New York. There are no contacts, purposeful availment, or sufficient connection with the state of South Carolina by the Defendants. Thus, it is recommended that the Defendants be dismissed without prejudice due to a lack of personal jurisdiction.

Subject Matter Jurisdiction

In order for this court to hear and decide a case, the court must have jurisdiction over the subject matter of the litigation. Federal courts have an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The court's obligation to examine its subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). It is well settled that federal courts are courts of limited jurisdiction and possess only powers authorized by the constitution and statute, which is not to be expanded by judicial decree. *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936).

The two most commonly recognized bases for federal jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this court's limited jurisdiction.

First, there is no basis for a finding of diversity jurisdiction over this Complaint. The

diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Plaintiff does not seek monetary relief and states no amount in controversy.

Second, the allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Generally, the presence of federal question jurisdiction is determined by the well-pleaded complaint rule. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908). In other words, federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 426 (4th Cir.2003). Accordingly, under the well-pleaded complaint rule, courts "ordinarily ... look no further than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir.1996).

The Complaint does not state a claim cognizable under this court's "federal question" jurisdiction. First, as to Plaintiff's request for criminal charges against the Defendants, a plaintiff filing a civil case cannot bring a criminal case against another person. *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir.1990). Accordingly, the Court cannot exercise subject matter jurisdiction over these alleged violations of federal criminal law asserted by Plaintiff in this civil case. Plaintiff cites 28 U.S.C. § 1738A (the "PKPA") as a possible basis for federal jurisdiction. Federal question jurisdiction, however, "may not be premised on the mere citation of federal statutes." *Weller v. Dep't*

*of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir.1990).

Plaintiff asks for modification of child custody and seeks for his daughter to be relocated to the custody of his brother.  The PKPA sets national standards for determining jurisdiction in child custody disputes and provides that full faith and credit be given to state court child custody determinations.  28 U.S.C. § 1738A. The purpose of the PKPA is to prevent "a second state from modifying an initial state's [custody] order except in carefully circumscribed situations.  This presumption of continuing and exclusive jurisdiction [of the first court] discourages dissatisfied parents from seeking new custody orders from a second state." *Meade v. Meade*, 812 F.2d 1473, 1476 (4th Cir. 1987).  While federal courts do not have jurisdiction to consider child custody cases, "[t]he traditional 'domestic relations' restriction on federal jurisdiction does not apply to a complaint brought under § 1738A **to enforce one of two conflicting state custody orders**." *Hickey v. Baxter*, 800 F.2d 430, 431 (4th Cir. 1986)(emphasis added); *see also Meade*, 812 F.2d at 1476.  "[T]he PKPA permits federal courts to grant declaratory and injunctive relief on the jurisdictional dispute without reassessing the merits of any particular state's custody determination." *Meade*, 812 F.2d at 1476.

Here, Plaintiff has failed to allege sufficient facts demonstrating the existence of conflicting state custody orders, which is required to invoke jurisdiction under the PKPA.  Plaintiff presents no facts that a state court actually granted Plaintiff custody over the child.  Even when liberally construing the complaint, there does not appear to be any allegation that Plaintiff has been granted custody by a state court or that two conflicting state custody orders exist.  As such, there is neither jurisdiction under the PKPA, nor has Plaintiff stated a claim for which relief can be granted under the PKPA.

Under the Rule 8 requirements, Plaintiff has not adequately pleaded federal question jurisdiction based on the aforementioned and has stated no basis for this court's jurisdiction. There is an absence of any plausible claims arising under either federal question or diversity jurisdiction as discussed above.

Venue

Additionally, venue is not proper in this court as none of the Defendants are residents of South Carolina; none of the events giving rise to the claim occurred in South Carolina; and there are other judicial districts[3] which the Defendants may be subject to personal jurisdiction where this action may be brought. *See* 28 U.S.C. § 1391.

### **RECOMMENDATION**:

Accordingly, it is recommended that the district court summarily dismiss the complaint in this case without prejudice, and without issuance and service of process for lack of jurisdiction, failure to state a cognizable claim for relief under federal law, and improper venue. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993).

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 19, 2016
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

---

[3] As already noted, Plaintiff did file a similar claim in West Virginia at a time when one of the Defendants was a resident of West Virginia and venue was not found improper there. *Juste*, 16 F. Supp. 3d 716.

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).