

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ANDRE JUSTE, | § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 4:16-03757-MGL |
| LINDSAY ANN MARIE BRENNAN and LINDSAY ANN MARIE PHILLIPS, | § § § § | |
| Defendants. | § § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This is a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate

Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on December 19, 2016.  ECF No. 12.  On January 3, 2017, the Clerk of Court filed Plaintiff's objections to the Report (Plaintiff's memorandum).  ECF No. 17.  The Court has carefully considered the objections but holds them to be without merit.  Therefore, it will enter judgment accordingly.

"A document filed *pro se* is 'to be liberally construed.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Even when construed liberally and in the light most favorable to Plaintiff, Plaintiff's memorandum fails to set forth any specific objections to the Report.  Instead, Plaintiff's memorandum consists of a restatement of the allegations in his Complaint, a request for a hearing, and a conclusory assertion that he is objecting to the Report.  Any meaningful counter to the well-reasoned conclusions in the Report is absent.  Because Plaintiff's memorandum fails to allege any specific objection to the Report, the Court need not—and will not—address the arguments raised in Plaintiff's memorandum.

After a thorough review of the Report, Plaintiff's memorandum, and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court that the

Complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 10th day of January 2017 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.